J-A31034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARGLE LAW OFFICES, P.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WALTER GARRETT, | |
| Appellant | No. 1327 EDA 2016 |

Appeal from the Judgment Dated April 4, 2016
in the Court of Common Pleas of Northampton County Civil Division
at No(s): C-48-CV-2014-8610

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:         **Filed January 13, 2017**

Appellant, Walter Garrett, appeals from the judgment entered in the Court of Common Pleas of Northampton County in favor of Appellee, Margle Law Offices, P.C., for $28,300.00 on Appellee's claim for breach of contract. Appellant argues that the trial court abused its discretion in excluding multiple receipts that allegedly proved he paid Appellee in full and in instructing the jury to disregard the receipts. We conclude that the court properly excluded these receipts as inadmissible hearsay. Furthermore, Appellant waived his objection to the court's jury instruction relating to the exclusion of the receipts by failing to object before the jury retired to deliberate. Accordingly, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

Appellee filed an action against Appellant for breach of contract and unjust enrichment alleging that Appellant failed to pay $58,608.73 in legal fees. Appellant filed an answer claiming that he paid Appellee in full.

The case proceeded to a compulsory arbitration hearing in which Appellant presented no evidence. The arbitration panel ruled in favor of Appellee in the amount of $42,000.00, and Appellant timely appealed the arbitration award to the trial court.

Two months before trial, the parties submitted pre-trial statements in accordance with Northampton County Local Rule N212B(5). As one of his witnesses, Appellant listed Jenny Barret, a former employee of Appellee.

The parties did not exchange discovery requests prior to trial. Appellant did not produce any documents until the afternoon before trial, when he served Appellee with copies of numerous receipts that purported to demonstrate that he paid $47,500.00 to Appellee in 2009 and early 2010. Appellant had not listed the receipts as exhibits on his pre-trial statement.

At the beginning of the one-day trial, Appellant's counsel produced sixteen originals of the receipts and grouped them together as Exhibit D-1. Counsel contended that Barret signed the receipts in the course of her employment as a receptionist for Appellee. The court permitted Appellant to submit the receipts into evidence based on counsel's representation that Barret "was going to [come] in [as a witness] and would be available for questioning." N.T., 1/19/16, at 202-03.

During Appellee's case in chief, Appellee's sole shareholder, Stanley Margle III, testified that his office did not generate the receipts. *Id.* at 146. Margle suggested that the receipts were fabricated, because they "were supposed to be six years old" but actually looked "brand new." *Id.*

Appellant's counsel cross-examined Appellee's office manager, Rebecca Neith, with the receipts. Neith admitted that one receipt for $3,500.00 was authentic because she found a carbon copy of this receipt in Appellee's records. *Id.* at 155-62. She emphasized, however, that she never saw the other receipts and could not find them in Appellee's billing records. *Id.* Nor did she recognize the signature on the other receipts. *Id.* She noted that she fired Barret in 2009 or 2010. *Id.*

Appellant testified in his defense and insisted that he made the payments indicated on the receipts. He claimed that the receipts were authentic because he watched office employees fill them out and did not create them himself. *Id.* at 181-83.

Appellant rested his defense without calling Barret as a witness. The trial court asked Appellant when he had last seen Barret, and Appellant answered that he could not remember their last meeting, but that he might have "bumped into" her years ago at the Allentown Fair. *Id.* at 194. Appellant's counsel admitted that he did not subpoena Barret. *Id.* at 197. Counsel stated that either his secretary or Appellant spoke with Barret one week before trial, and Barret advised that she had just suffered a heart

attack.[1]  *Id.* at 200.  On the day of trial, Barret texted Appellant's counsel's secretary that she was at the hospital for a test.  *Id.* at 199-200.  Counsel's secretary texted back a request that Barret contact her after her test, but the record does not indicate that Barret ever responded.  *Id.*

Due to Appellant's failure to present Barret's testimony, the court excluded all receipts in Exhibit D-1 from evidence except for the $3,500.00 receipt that the office manager admitted was in Appellee's records.  *Id.* at 222-24.  The court instructed the jury that it could not consider the stricken exhibits due to Barret's failure to testify and subject herself to cross-examination.  *Id.*

The jury returned a verdict in favor of Appellee for breach of contract in the amount of $28,300.00.  On January 29, 2016, Appellant filed timely post-verdict motions challenging the exclusion of the receipts.  On February 18, 2016, Appellant filed a premature appeal that this Court quashed as interlocutory on March 28, 2016.

In an opinion and order on April 4, 2016, the court denied Appellant's post-verdict motions and entered judgment against Appellant for $28,300.00.  The court entered judgment in favor of Appellant and against

---

[1] Barrett was only in her late thirties at the time of her heart attack.  *Id.* at 200.

Appellee on the unjust enrichment claim.[2]  The April 4, 2016 order constitutes a final order because it disposes of all claims and all parties. Pa.R.A.P. 341(b)(1).

On May 2, 2016, Appellant timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal, which we have re-ordered for the sake of disposition:

> 1. WHETHER IT WAS PROPER TO COMPLETELY EXCLUDE FROM EVIDENCE AND JURY CONSIDERATION IN ANY FORM, INCLUDING ALL TESTIMONY RELATED THERETO, THE FIFTEEN (15) RECEIPTS PROFFERED BY THE DEFENDANT.
>
> 2. WHETHER NORTHAMPTON COUNTY LOCAL RULE N212B(5) REQUIRED THE EXTREME AND OVERBROAD SANCTION AGAINST THE DEFENDANT OF EXCLUDING FIFTEEN (15) RECEIPTS FROM EVIDENCE.
>
> 3. WHETHER A CURATIVE INSTRUCTION SHOULD HAVE BEEN RENDERED REGARDING THE EXCLUSION OF FIFTEEN (15) RECEIPTS AS WELL AS THE TESTIMONY RELATED THERETO AT TRIAL.

---

[2] The trial court did not rule on Appellee's equitable claim of unjust enrichment.  On February 9, 2016, Appellee filed timely post-verdict motions objecting to the court's failure to decide its unjust enrichment claim. Despite acknowledging its failure to decide the unjust enrichment claim, the court reasoned that the verdict in favor of Appellee on the breach of contract claim precluded recovery for unjust enrichment.  Trial Ct. Op., 4/4/16, at 10 (Appellee's claims for breach of contract and unjust enrichment "are mutually exclusive … recovery for unjust enrichment is predicated upon the absence of a contract … we may not award [Appellee] damages for unjust enrichment where a jury has found that a contract existed and award[ed] [Appellee] damages for breach of said contract").  Appellee did not appeal this decision.

4. WHETHER NORTHAMPTON COUNTY LOCAL RULE N212B(5) REQUIRED AN ADDITIONAL SANCTION VIA JURY INSTRUCTION WHICH ORDERED THE JURY TO DISREGARD COMPLETELY ANY EVIDENTIARY OR TESTIMONIAL REFERENCE TO THE (15) RECEIPTS.

5. WHETHER APPELLANT WAIVED HIS RIGHT TO SEEK POST–TRIAL RELIEF FOR FAILING TO PRESERVE GROUNDS FOR APPEAL PURSUANT TO PA R.C.P 227.1.

Appellant's Brief, at 4.

We review the first two issues together, because they boil down to the same issue: whether the trial court properly excluded the fifteen receipts from evidence. The trial court based its decision to exclude the receipts on Northampton County Local Rule N212B(5), which authorizes the court to impose "such penalty or sanction as the court may in its discretion impose" when a party fails to call a listed witness without seven days' advance notice to the opposing party. We agree with this ruling for a different reason: the receipts are inadmissible hearsay. *See In re Estate of Strahsmeier*, 54 A.3d 359, 364 n. 17 (Pa. Super. 2012) (Superior Court may affirm for any reason and is not constrained to affirm on grounds relied upon by trial court).

We examine evidentiary rulings for abuse of discretion. *Zieber v. Bogert*, 773 A.2d 758, 760 n. 3 (Pa. 2001). A ruling on evidence does not constitute reversible error unless it is harmful or prejudicial to the complaining party. *Yenchi v. Ameriprise Financial, Inc.*, 123 A.3d 1071, 1082 (Pa. Super. 2015).

Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). A document itself qualifies as hearsay when it contains such hearsay statements. *Rissi v. Cappella*, 918 A.2d 131, 138–39 (Pa. Super. 2007). Anything qualifying as hearsay is inadmissible as evidence unless an exception applies. Pa.R.E. 802.

The business records exception in Pa.R.E. 803 provides in pertinent part:

> **Rule 803. Exception to the Rule Against Hearsay Regardless of Whether the Declarant is Available as a Witness**
>
> * * *
>
> **(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if,
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a 'business', which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6). While a qualified witness need not have personal knowledge, the individual must be able to "provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness . . ." **Boyle v. Steiman**, 631 A.2d 1025, 1032 (Pa. Super. 1993).

"[Rule 803(6)(D)'s] requirement that a custodian or other qualified witness testify to establish that the requirements of the rule have been met establishes [one] technique for authenticating the record" under Rule 803(6). 1 West's Pa. Prac., Evidence § 803(6)-1 (4th ed.). Failure to authenticate a record in accordance with this subsection renders the record inadmissible. **Commonwealth Financial Systems, Inc. v. Smith**, 15 A.3d 492, 499 (Pa. Super. 2011).

Furthermore, under Rule 803(6)(E), the court may exclude an otherwise qualified memorandum, report, record, or data compilation if "the sources of information or other circumstances indicate lack of trustworthiness." The court may exclude a record as untrustworthy where there was motive or opportunity to prepare an inaccurate record. **See Commonwealth v. Zimmerman**, 571 A.2d 1062, 1068-69 (Pa. Super. 1990) (defendant attempted to introduce alibi evidence of job order ticket notations regarding deliveries to show he made specific telephone calls or

was actually in locations stated in notations; court properly excluded this evidence as untrustworthy, because authenticating witness was not same person who received telephone calls in question, so that reliability of telephone call recipient's identification of defendant as caller was not established, and defendant had opportunity and possible motive to cause entries to be made on tickets that did not accurately reflect his actual whereabouts).

This Court's decision in **Commonwealth Financial Systems** is also instructive. There, the appellant, Commonwealth Financial Systems ("Commonwealth"), allegedly purchased the appellee's debt to Citibank from NCOP Capital. **Commonwealth Financial Systems**, 15 A.3d at 494. To verify the transfer of debt ownership, Commonwealth attempted to admit records of business transactions between Citibank and NCOP Capital, both separate entities from Commonwealth, through the testimony of Commonwealth's own vice president of portfolio collection. **Id.** The trial court denied admission on the ground that the documents were improperly authenticated under Pa.R.E. 803(6). **Id.** at 494-95. This Court affirmed, holding that vice president of portfolio collection did not have sufficient knowledge of the records and could not establish the documents' trustworthiness. **Id**. at 499–500.

In this case, as in **Commonwealth Financial Systems**, the receipts were inadmissible under Pa.R.E. 803(6)(D) due to their lack of

authentication by a "custodian or another qualified witness." Margle, Appellee's sole shareholder, and Neith, the office manager, declined to admit that the receipts were authentic. Indeed, Margle suggested that they were fabricated. Barret did not testify and therefore did not authenticate the receipts. While Appellant claimed that the receipts were authentic, he was not an employee of Appellee. Like the witness in **Commonwealth Financial Systems**, Appellant had no knowledge of the preparation and maintenance of these records.

Furthermore, the receipts were inadmissible under Rule 803(6)(E) due to their lack of trustworthiness. Appellant's uncorroborated claim of authenticity was self-serving testimony designed to eliminate his debt to Appellee. Moreover, as Margle testified, the receipts appeared to be phony because they looked brand new even though they were supposed to be six years old. Further undermining confidence in the receipts' authenticity was counsel's failure to subpoena Barret and Barret's failure to appear for trial. In short, as in **Zimmerman**, the receipts were untrustworthy because Appellant had the motive and the opportunity to create inaccurate records.

For these reasons, the trial court properly exercised its discretion by excluding the receipts from evidence due to Appellant's failure to satisfy the authentication and trustworthiness requisites within Pa.R.E. 803(6)(D) and (E).

We review Appellant's third and fourth issues together, because they concern the same issue: whether the trial court properly instructed the jury to disregard the receipts. The trial court held that Appellant waived this argument by failing to raise a timely objection during trial. We agree.

A party must object to jury instructions before the jury retires to deliberate, unless the trial court specifically allows otherwise. *Passarello v. Grumbine*, 87 A.3d 285, 292 (Pa. 2014). If a party fails to raise a specific objection to a jury instruction, he waives the objection and cannot raise it in a subsequent appeal. *Cruz v. Northeastern Hospital*, 801 A.2d 602, 610-11 (Pa. Super. 2002). We will not consider a claim on appeal which a party did not call to the trial court's attention at a time when the court could have corrected any error. *Keffer v. Bob Nolan's Auto Service, Inc.*, 59 A.3d 621, 645 (Pa. Super. 2012). "[O]ne must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." *Id.* (citation omitted).

After the trial court instructed the jury to disregard the receipts, and immediately before the jury retired to deliberate, the court inquired whether counsel had any objections, corrections or additions. Appellant's counsel answered:

> No. I would just add, when your Honor had explained your Honor's ruling, **and I understand why you explained it, it was pretty tough but you had to explain it that way**, if you could just give them an instruction that when you were explaining your ruling that you were in no way giving way to either side --

N.T. at 249 (emphasis added). Through this response, Appellant's counsel conceded that the instruction was proper, thus waiving his right to object to the instruction on appeal. *See Cruz*, 801 A.2d at 610-11.

Even if Appellant had preserved these issues for appeal, we have held above that the trial court's decision to exclude the receipts from evidence was proper. Consequently, its directive for the jury to disregard the receipts was proper as well.

Appellant's final argument is that he preserved all issues by raising them in his post-verdict motions. This issue is moot in view of our decisions above that the court properly excluded the receipts from evidence, and that Appellant waived his objection to the court's instruction relating to the receipts by failing to object before jury deliberations.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017